UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| AUNDRE JACKSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-0229 WL |
| | ) | |
| TERRE MAXIMENA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Aundre Jackson, a prisoner confined at the Lakeside Correctional Facility ("LCF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights. The defendants are LCF Nurse Terre Maximena and Correctional Medical Services Vice President John Dallas. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy

> RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, \_\_\_ U.S. \_\_\_, \_\_\_; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Jackson alleges that on February 18, 2008, Nurse Maximena denied him medical attention in violation of the Constitution's Eighth and Fourteenth Amendments. He states

that he woke up feeling dizzy and seeing double. He asserts that he told Nurse Maximena about his problem and asked her to check him out. She told him to fill out a health care request, and when he protested, she yelled at him and asked him if he was dumb or stupid or didn't understand English. He was not seen by a doctor for several days. Jackson states that inmates have complained to Correctional Medical Services official John Dallas about Nurse Maximena, but he has done nothing about her.

The plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Jackson seeks damages in this action. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior

3

to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Dallas is a senior corporate official of the company employing Nurse Maximena. He was not present at the facility when this incident occurred and had no personal knowledge of it. Supervisory liability will be found only if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). The facts alleged in the complaint state no claim against defendant Dallas.

Jackson alleges that Nurse Maximena's actions violated the Constitution's Eighth and Fourteenth Amendments The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id*. at 535 n. 16. Because Jackson was a convicted felon at the time the incidents he complains of occurred, the court will consider his claims under the Eighth Amendment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive

the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Under the Eighth Amendment, it is not enough to show that a defendant merely failed to act reasonably in examining or treating a patient. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Moreover, the Eighth Amendment does not entitle a prisoner "to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. *Estelle v. Gamble*, 429 U.S. at 107-108; *Wells v. Franzen*, 777 F.2d 1258, 1264 (7th Cir. 1985)

. In order to state a claim upon which relief can be granted for deliberate indifference, a prisoner must meet both the objective and subjective prongs of the test established by *Farmer v. Brennan*. Jackson states that he is overweight, has high blood pressure, that his family has a history of strokes, and that he was afraid he was having a stroke. But he does not meet the objective prong because he was not having a stroke, and the complaint does not allege that he suffered any actual harm or injury from not being examined by Nurse Maximena on February 18, 2008. He has not met the second prong of the *Farmer* test

because he has not established that Nurse Maximena was deliberately indifferent to a substantial risk of harm due to a deprivation when she failed to examine him.

Jackson suffered no actual injury, and fear of an injury that did not occur does not state a claim for damages. *See Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997). Nurse Maximena may have been rude, unpleasant, and unprofessional when she yelled at Jackson, asked him sarcastic questions, and refused to immediately examine him, but even giving him the benefit of the inferences to which he is entitled at the pleadings stage, he states no Eighth Amendment claim against her.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: September 8, 2008

                                          **s/William C. Lee**
                                          William C. Lee, Judge
                                          United States District Court